UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :
                                                          Case No. 05CR0244(RMU)
v.                                          :

ANTHONY KOONCE                    :

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

Defendant Anthony Koonce, by and through counsel, Christopher M. Davis, moves this Honorable Court to suppress the tangible evidence alleged to have been recovered from his person. In support, Defendant relies upon the following facts, points and authorities, and any other facts, points and authorities that may be raised at the hearing on this motion.

## FACTS

1. On March 23, 2005, at approximately 8:20 p.m., members from the Third District vice office were checking on a complaint inside 420 W Street, N.W. Defendant attempted to walk into the premise, saw the officers, and walked quickly away.

2. One of the officers said, "Hey, where are you going?" Defendant then began to run. He tripped and fell to the ground. The officers, who were following Defendant, grabbed him and handcuffed him. In the process of lifting Defendant to his feet, the officer observed a white rocklike substance wrapped in plastic inside Defendant's jacket. In the process of removing the substance, the officers also recovered a tan powder substance.

3. Defendant was charged with possession with intent to distribute cocaine and heroin. A search incident to arrest also led to the recovery of a ziplock containing marijuana.

ARGUMENT

4. In this case, there is no dispute that Defendant was seized. A seizure occurs if physical force is used, or if a person submits to a show of authority. If the individual flees from the police, the seizure occurs when he is captured. *California v. Hodari D.*, 499 U.S. 621, 626-27 (1991). The issue, is, therefore, did the police have a sufficient legal basis to stop the Defendant.

5. Police cannot seize an individual absent "reasonable grounds to believe" that "criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Concrete facts, not inchoate suspicion, must underlie a *Terry* stop. *United States v. Cortez*, 449 U.S. 411, 417 (1981). Here, the police had no justifiable reason to handcuff the Defendant and lift him off the ground. In fact, the officers' actions were so intrusive, they reached the level of an arrest absent probable cause. *See United States v. Robinson,* 30 F.3d 774, 784 (7th Cir. 1994) (custodial arrest occurred when officer handcuffed suspect after finding cocaine on the ground).

6. Because the search and seizure of the Defendant were unlawful, all evidence alleged to have been recovered from him must be suppressed.

WHEREFORE, Defendant moves this Court to grant his motion herein.

Respectfully submitted,

*Christopher M. Davis*

Christopher M. Davis #385583
Davis & Davis
The Lincoln Building
514 10th Street, N.W. - Ninth Floor
Washington, D.C. 20004
202-234-7300

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a copy of this Motion was electronically served upon Rachel Carlson Lieber, AUSA, Room 4820, 555 Fourth Street, NW, Washington, D.C. 20530, on this 21st day of July, 2005.

                                                *Christopher M. Davis*
                                                Christopher M. Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 05CR0244(RMU) |
| v. : | |
| ANTHONY KOONCE : | |

### ORDER

Upon consideration of Defendant's Motion to Suppress, and any opposition thereto, it is on this _____ day of _____, 2005, hereby

ORDERED that the motion is GRANTED.

_____
Ricardo M. Urbina
Judge, U.S. District Court